UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Christian, # 211122, | ) C/A No. 8:12-1455-JFA-JDA |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Dr. Tomarchio, and<br>Dr. Mcree | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Samuel Christian ("Plaintiff") is an inmate at McCormick Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. (ECF No. 1, Compl. 2). In the Complaint submitted in this case, Plaintiff seeks damages from Defendants because they have not removed a pin from his arm as suggested by an outside physician who examined the arm. *Id.* at 5. According to Plaintiff, the pin has been in his arm for over twenty years and he still suffers from pain in that arm, which he treats with two types of pain medication daily. *Id.* at 4.

In the part of the Complaint that contains questions about the exhaustion of administrative remedies, Plaintiff acknowledges that he did not file a grievance about the refusal to remove the

pin before filing this case. *Id.* at 2. In fact, he claims to have a "book" that says he does not have to file a grievance before asking this court to award him damages, *id.* at 3; however, he does not provide the court with a citation to the book and he does not name the book. *Id.* Plaintiff seeks damages in the amount of $ 6,000.00 from each Defendant. *Id.* at 5.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

2

## DISCUSSION

Plaintiff's Complaint should be summarily dismissed without service on Defendants because it was filed prematurely, before he fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 (the "PLRA"), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . .").

Specifically, the SCDC policy time limits under the most recent version of the policy are summarized as follows: After unsuccessful attempts at informal resolution of the problem(s), **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen days of the alleged incident; **(2)** the grievance must then be entered into SCDC's automated system, and the Institutional Inmate Grievance Coordinator (IGC) notified so that the information in the automated system can be finalized and an attempt to informally resolve it before sending it to the Warden can be made

within ten working days from the time the grievance is submitted; **(3)** the Warden should respond to the inmate in writing within forty days of the Warden's receipt of the Step 1 grievance and then the IGC has five working days to provide the Step 1 response to the inmate; **(4)** the inmate may then appeal the Warden's response by completing a Form 10-5a (Step 2 Appeal) and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; **(5)** the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal and the Branch has another five "calendar days" to get the Step 2 appeal to the responsible SCDC official (the Division Director of Operations) for a response; **(6)** the Division Director of Operations then has sixty days from the day the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, **(7)** then there is another five days for the IGC to serve the inmate with the Step 2 response. SCDC Policy/Procedure GA-01.12, at §§ 11; 13.1-13.6 (Oct. 1, 2010). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199, 211-12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the Court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005). In this case, Plaintiff's failure to fully exhaust the SCDC grievance process with regard to requests to have the pin removed from his arm before filing this lawsuit is fatal to this case. His own response of "no" to the question about whether he had used the SCDC process and his assertion that he has a book that (wrongly) says he does not have to file a grievance about the alleged lack of

4

medical care makes the lack of administrative exhaustion prior to the filing of this case clear on the face of his pleading and requires dismissal of the premature Complaint he filed in this case.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

June 12, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).